UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DANIEL LOPEZ,

        Plaintiff,

v.

E & R ENTERPRISE OF SOUTH
FLORIDA INC. d/b/a VINO'S PIZZA & BREW
and CJ ST CROIX, L.L.C.,

        Defendants.
_____/

## COMPLAINT

Plaintiff, DANIEL LOPEZ, by his undersigned counsel, hereby files this Complaint and sues, E & R ENTERPRISE OF SOUTH FLORIDA INC. d/b/a VINO'S PIZZA & BREW and CJ ST CROIX, L.L.C., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2. Plaintiff, DANIEL LOPEZ, is a resident of Miami, Florida, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. In 2008 Daniel became a bilateral amputee, above the knee, due to surgery. He is bound to ambulate in a wheelchair. His access to

1

the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant, E & R ENTERPRISE OF SOUTH FLORIDA INC. d/b/a VINO'S PIZZA & BREW , transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or about 731 Washington Ave, Miami Beach, Florida (hereinafter the "facility").

4. Defendant, CJ ST CROIX, L.L.C., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or about 731 Washington Ave Miami Beach, Florida (hereinafter the "facility").

5. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Mr. Lopez, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8.  All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9.  Mr. Lopez has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10. Mr. Lopez intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Mr. Lopez by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

I. REQUIRED MINIMUM MANEUVERING CLEARANCE IS NOT PROVIDED AT THE ENTRANCE DOOR .
   a. Contrary to ADAAG 404.2.4.
II. REQUIRED ACCESSIBLE SEATING IS NOT PROVIDED AT THE COUNTER SEATING.
   a. Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902, ADAAG 902.1, ADAAG 902.2 and ADAAG 902.3.
III. REQUIRED MINIMUM CLEAR WIDTH IS NOT PROVIDED AT THE WALKING SURFACE OF THE TRAVEL PATH TO THE RESTROOM.
   a. Contrary to ADAAG 403.5.1.
IV. THE RESTROOM DOOR SWINGS INTO THE REQUIRED CLEAR FLOOR SPACE OF THE LAVATORY.
   a. Contrary to ADAAG 603.2.3.
V. REQUIRED TOE AND KNEE CLEARANCE IS NOT PROVIDED AT THE LAVATORY.
   a. Contrary to ADAAG 606.2, ADAAG 306, ADAAG 306.2, ADAAG 306.2.3, ADAAG 306.2.5, ADAAG 306.3, ADAAG 306.3.3 and ADAAG 306.3.5.
VI. THE MIRROR IN THE RESTROOM IS MOUNTED AT A NON COMPLIANT HEIGHT THAT EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE.
   a. Contrary to ADAAG 603.3.
VII. NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN RESTROOM.
   a. Contrary to ADAAG Advisory 606.1.
VIII. A REQUIRED RAMP IS NOT PROVIDED FOR THE CHANGE IN LEVEL AT THE GROUND SURFACE IN THE RESTROOM.
   a. Contrary to ADAAG 303.4.
IX. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT THE WATER CLOSET.
   a. Contrary to ADAAG 604.3 and ADAAG 604.3.1.
X. REQUIRED GRAB BARS ARE NOT PROVIDED ON THE REAR AND SIDE WALLS AT THE WATER CLOSET.
   a. Contrary to ADAAG 604.5.

      XI.     REQUIRED MINIMUM FLOOR SPACE IS NOT PROVIDED AT THE URINAL.
          a.     Contrary to ADAAG 605, ADAAG 605.3 and ADAAG 305.3.
      XII.    NON COMPLIANT HEIGHT OF THE URINAL EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE.
          a.     Contrary to ADAAG 605.2.

13. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14. Mr. Lopez has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
429 Lenox Avenue Suite P503
Miami Beach, Florida 33139
Ph: (305) 804-5435
Fax: (866) 519-3748